IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NASSER M. KHALED**, <br> ON BEHALF OF HIMSELF AND OTHERS <br> SIMILARLY SITUATED <br><br> *Plaintiffs*, <br><br> vs. <br><br> **PROMED & ASSOCIATED, INC.,** <br> **MEGA CARE EMS, INC.,** and <br> **NASR-EDDINE BENCHAITA** <br><br> *Defendants*. | § § § § § § § § § § § § § § § | <br><br><br><br><br><br> **CASE NO. 4:21-cv-1908** <br><br><br><br><br><br> **JURY REQUESTED** |

## ORIGINAL COMPLAINT AND JURY REQUEST

TO THE HONORABLE JUDGE OF THIS COURT

COMES NOW Nasser M. Khaled ("Plaintiff"), complaining of Promed & Associated, Inc., Mega Care EMS, Inc., and Nasr-Eddine Benchaita (collectively "Defendants"), and for cause of action he respectfully shows unto this Court the following:

### PARTIES AND SERVICE

1. Plaintiff is a citizen of the United States of America and the State of Texas and resides in Harris County, Texas. Defendant Promed & Associated, Inc. ("Promed") is Plaintiff's current employer. Defendants, Mega Care EMS, Inc. ("Mega Care") and Nasr-Eddine Benchaita ("Mr. Benchaita"), are Plaintiff's former employers who worked in conjunction with Defendant Promed & Associated, Inc. to employ Plaintiff and those similarly situated in an effort to avoid paying overtime. His written consent opting into this action is attached as Exhibit A.

1

2. Defendant, Promed & Associated, Inc., is a Texas company with its principal office located in Houston, Texas. Promed & Associated, Inc. can be served with process through its registered agent for service of process, Yevgeny Vernik, at 6411 Ashcroft, #C, Houston, Texas 77081 AND at 722 Plainwood, Houston, Texas 77079, in any manner the Federal Rules of Civil Procedure permit.

3. Defendant, Mega Care EMS, Inc., is a Texas company with its principal office located in Houston, Texas. Mega Care EMS, Inc. can be served with process through its registered agent for service of process, Nasr-Eddine Banchaita, at 11202 Burmese Ln., Sugarland, Texas 77478, in any manner the Federal Rules of Civil Procedure permit.

4. Defendant, Nasr-Eddine Banchaita, is an individual located in Sugarland, Texas. Nasr-Eddine Banchaita can be served with process at 11202 Burmese Ln., Sugarland, Texas 77478, in any manner the Federal Rules of Civil Procedure permit.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. All parties are subject to personal jurisdiction in the Southern District of Texas. Defendants made themselves subject to this Court's jurisdiction by maintaining a physical presence and business operations in this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Defendants reside in this District and most of the relevant facts occurred in this District.

**NATURE OF THE ACTION**

8. This is a private civil action brought against Defendant pursuant to Section 16(b) of 29 U.S.C. § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants did not pay its Emergency Medical Technicians ("EMTs") overtime as required by FLSA. Instead, Defendants only paid them for forty (40) hours of work with no overtime pay for hours worked over forty (40) in a week. This action seeks to recover the unpaid overtime wages and other damages owed to these employees.

**CONDITIONS PRECEDENT**

9. All conditions precedent to jurisdiction have occurred or been complied with.

**FACTS**

10. Defendants Promed and Mega Care are both Texas based corporations that focus on providing emergency medical services. Mega Care currently does business as "Mega Care Ambulance."

11. Defendant Nasr-Eddine Banchaita is not only the registered agent for Defendant Mega Care EMS, Inc., but also the owner and President of Texas forfeited corporation, Mega Care Ambulance.

12. Plaintiff was originally hired by Defendant Promed & Associated, Inc. as an Emergency Medical Technician in or about 2008 and was paid on an hourly basis.

13. In or about 2010, Mega Care began working in conjunction with Promed Care and conducting the same services from the same physical address and sharing personnel, equipment, and other business related items.

14. In or about 2014, Plaintiff and the Collective Members are and were Defendants' EMTs and were paid hourly without receiving overtime during their employment with Defendant. During that same year, Plaintiff and Collective members were required to clock-in at any one Defendant to conduct their EMT duties, but not to exceed 40 hours in a workweek with that same Defendant. Once Plaintiff and Collective Members worked or were close to working 40 hours in a workweek with that first Defendant, they were then required to continue to perform the same EMT duties and clock-in with a different named Defendant and work any additional hours. Plaintiff and Collective Members continued to receive straight time without being paid overtime after they worked over 40 hours with the second Defendant in the same workweek as the 40 hours they worked with the first Defendant.

15. Defendants continued this scheme of avoiding paying Plaintiff and Collective Members overtime by splitting their hours between multiple companies (Defendants) until on or about September 2019.

16. Defendants Promed and Mega Care are covered enterprises because they are businesses engaging in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) for at least each of the last three years.

17. Defendants' employees routinely use or handle goods or materials, including vehicles, tools, equipment, telephones and computers that are produced for interstate commerce. Defendants also used the United States Postal system to send mail across state lines and interstate banking systems to pay Defendants' employees.

18. Defendants determined the hours Plaintiff and Collective Members worked.

19. Defendants determined Plaintiff's and Collective Members' duties as well as work locations.

20. Defendants determined the rate and method of payment for Plaintiff and Collective Members.

21. Defendants made personnel and payroll decisions, including Plaintiff's and Collective Members' pay rates, their job assignments, and the decision to switch Plaintiff to salary.

22. Defendants own or control the equipment and supplies Plaintiff and Collective Members used to perform their work.

23. Defendants have or had the power to hire and fire Plaintiff and Collective Members.

24. An employer who pays a non-exempt employee on an hourly basis must pay time and a half for any hours worked over forty (40). 29 C.F.R. §778.110.

25. Plaintiff and Collective Members are non-exempt employees who serve as EMTs, an administrative/medical care and transportation role for Defendants.

26. Defendants paid Plaintiff and Collective Members an hourly rate with no overtime pay.

27. Plaintiff and Collective Members earned, on average, between $580.00 and $1,800.00 per week.

28. Plaintiff and Collective Members worked from approximately 7 a.m. to 9 p.m. Monday through Saturday and occasionally on Sundays. Accordingly, Plaintiff and Collective Members regularly worked more than eighty (80) hours per week.

29. It is suspected that Defendants did not keep records of the hours Plaintiff worked in a workweek in compliance with 29 U.S.C. § 211(c).

30. Defendants kept personnel and hourly records for Plaintiff and Collective Members during the period where Plaintiff and Collective Members were required to clock-in with multiple Defendants once they reached 40 hours of work in a workweek. However, Defendants did not keep records of the hours Plaintiff worked in a workweek in compliance with 29 U.S.C. § 211(c) following the accumulation of a combined 80 hours of work between the multiple Defendants.

31. Defendants' policy of paying straight time only applied to all hourly-paid staff employed by Defendants.

32. Plaintiff and Collective Members regularly worked in excess of fifty (80) hours per week. Defendants did not pay them the extra half-time required by the FLSA. For example, during the week of March 15, 2021 – March 21, 2021, Plaintiff worked approximately 83.5 hours.

33. Defendants knowingly, willfully, and/or with reckless disregard carried out their illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and Collective Members.

### COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 of this Complaint.

35. In addition to Plaintiff, Defendants employ many other EMTs who have the exact same job description as Plaintiff and who were paid by all Defendants by splitting the EMTs hours between two (2) or more companies without paying them overtime. Defendants' EMTs serve in a medical care and transportation role.

36. These non-exempt employees are entitled to overtime pay for the same reasons as Plaintiff, and are, therefore, similarly situated to Plaintiff. These employees are collectively referred to as the "Collective Members."

37. Dozens of these employees have worked for Defendant over the last few years. Accordingly, Defendant's payroll scheme extends well beyond Plaintiff.

38. These Collective Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the collective members are properly defined as: **"All EMTs employed by Defendants in the past three (3) years."**

### CAUSE OF ACTION- FLSA VIOLATION

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 of this Complaint.

40. By failing to pay Plaintiff and Collective Members overtime at one-and-one-half times their regular rates for every hour that they worked over forty (40) hours in a workweek, Defendants violated the FLSA's overtime provisions.

41. Defendants owe Plaintiff and Collective Members the difference between the hourly equivalent of their day-rate, weekly rate, or annual earnings for forty (40) hours and the proper overtime rate owed to them for every hour that they worked over forty (40) hours in a

workweek. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

42. Defendants are liable to Plaintiff and Collective Members for an amount equal to all unpaid overtime wages.

43. Plaintiff and Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY REQUEST

44. Plaintiff hereby requests a trial by jury.

## RELIEF REQUESTED

Plaintiff respectfully requests relief as follows:

1. An Order allowing this action to proceed as a collective action under the FLSA and directing notice to the Collective Members;

2. Judgment awarding Plaintiff and Collective Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and Collective Members are justly entitled.

Respectfully submitted,

**STEPHENS REED & ARMSTRONG, PLLC**

By: */s/ Derrick A. Reed*
    **Derrick A. Reed**
    Attorney-in-Charge
    Federal I.D. No.: 899172
    State Bar No.: 24053780
    Email: derrick@srapllc.com
    12234 Shadow Creek Pkwy
    Building 1, Suite 1104
    Pearland, Texas 77584
    Telephone: (281) 489-3934
    Facsimile: (281) 657-7050

    **ATTORNEY FOR PLAINTIFFS**

CO-COUNSEL:

**Marrick Armstrong**
Federal I.D. No.: 611068
State Bar No. 24057695
Email: marrick@srapllc.com

**STEPHENS REED & ARMSTRONG, PLLC**
12234 Shadow Creek Pkwy
Building 1, Suite 1104
Pearland, Texas 77584
Telephone: (281) 489-3934
Facsimile: (281) 657-7050